909 F.2d 1483
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Benjamin HUFSTETLER, Petitioner-Appellant,
v.
STATE OF TENNESSEE, Jack Morgan, Warden, Respondents-Appellees.
 No. 89-6309.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1990.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and WILLIAM H. TIMBERS, Senior Circuit Judge.*
 
 ORDER
 
 1
 John Benjamin Hufstetler, a pro se Tennessee prisoner, appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hufstetler was convicted by a jury of concealing stolen property, altering an automobile certificate of title, using an altered automobile certificate of title, unlawfully displaying an automobile registration plate, and driving a motor vehicle without a valid driver's license. He was sentenced to twenty years imprisonment. The Tennessee Court of Criminal Appeals affirmed the convictions and the Tennessee Supreme Court denied discretionary review. Thereafter, Hufstetler filed a petition for post-conviction relief which was denied by the trial court. Petitioner did not appeal that ruling. Later, Hufstetler filed a petition for writ of habeas corpus in the state court. The court construed the habeas petition as a petition for post-conviction relief, and dismissed it on jurisdictional grounds for being filed in the wrong court. The Tennessee Court of Criminal Appeals affirmed the dismissal, and the Tennessee Supreme Court denied discretionary review.
 
 
 3
 Thereafter, Hufstetler filed this habeas petition alleging: (1) the trial court did not have jurisdiction or venue to try him; (2) he was subjected to double jeopardy; (3) he received ineffective assistance of counsel; (4) the trial judge denied his request for a trial transcript during a post-conviction proceeding; (5) his arrest was illegal; (6) he was subjected to prosecutorial misconduct; and (7) the trial judge was guilty of judicial overreaching. The district court utilized a cause and prejudice analysis and denied the petition, finding that Hufstetler had waived federal habeas review of all his claims except the double jeopardy claim because he had not fairly presented the claims to the Tennessee courts. The court addressed the merits of the double jeopardy claim and found that it did not warrant habeas relief. The court later denied Hufstetler's motion for reconsideration.
 
 
 4
 Upon review, we affirm the district court's opinion for the reasons set forth in court's memorandum opinion dated September 11, 1989.
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge, U.S. Court of Appeals for the Second Circuit, sitting by designation